UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BLACKWATER NEW ORLEANS, L.L.C.** § | | CIVIL ACTION |
| § | | |
| *Plaintiff*, § | | |
| § | | NO. _____ |
| V. § | | |
| § | | |
| **AMERICAN INTERNATIONAL** § | | |
| **SPECIALTY LINES INSURANCE** § | | SECTION "_____" |
| **COMPANY n/k/a CHARTIS SPECIALTY** § | | |
| **INSURANCE COMPANY** § | | |
| § | | |
| *Defendant*. § | | MAG. DIV "_____" |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Blackwater New Orleans, L.L.C. ("Blackwater") and files this complaint against Defendant American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company ("Chartis"). In support thereof, Blackwater respectfully would show this Court the following:

### I. JURISDICTION AND VENUE

1.      This is an action for breach of a Pollution Legal Liability Select Policy. This Honorable Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) because the citizenship of Plaintiff is completely diverse from that of Defendant and the amount in controversy, exclusive of interest and costs, exceeds or will exceed $75,000.00.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district.

## II.   PARTIES

3. Blackwater New Orleans is a Louisiana limited liability company with its principal place of business in Westwego, Louisiana.

4. Chartis is an insurance company incorporated under the laws of Illinois and maintains its principal place of business in New York City. Chartis is authorized to do and is doing business within the State of Louisiana. Chartis has appointed the Secretary of State of the State of Louisiana as its agent for service of process.

## III.   BACKGROUND INFORMATION

5. Chartis issued to Blackwater a Pollution Legal Liability Select Policy, bearing policy number PLS 14235319 and effective December 23, 2008 to December 23, 2009 (the "Policy"), which at all times relevant herein was in full force and effect.

6. The Policy provided coverage for the Blackwater New Orleans Westwego property located at 660 La Bauve Drive, Westwego, Louisiana 70094.

7. On or about February 9, 2009, a Blackwater employee observed sulfuric acid leaking from an above-ground storage tank ("AST") at the insured property.

8. Upon information and belief, approximately three thousand two hundred (3,200) gallons of sulfuric acid leaked from the AST.

9. In order to prevent any further leaking, Blackwater transferred all the remaining sulfuric acid to a second AST, but that tank also began to leak.

10. On discovery of the second leaking AST, Blackwater transferred all the remaining sulfuric acid to a third-party entity's barges near the Mississippi River.

11. In addition to transferring the sulfuric acid, Blackwater also worked to clean up the sulfuric acid that leaked from the two ASTs.

12. Blackwater incurred significant costs in performing the aforementioned activities.

13. On or about February 13, 2009, the City Attorney of Westwego, Louisiana sent a letter to Blackwater and / or Blackwater's representatives and informed Blackwater that failure to clean up hazardous material at the property may trigger penalties under the city's municipal statutes.

14. Similarly, on April 29, 2009, a letter regarding the sulfuric acid spill at Blackwater's Westwego location was sent to North American Terminal Services, LLC, a company working on Blackwater's behalf, informing Blackwater that it was responsible for cleaning up the spill in a "timely manner" pursuant to the rules promulgated in the Louisiana Administrative Code.

15. Meanwhile, Blackwater timely tendered the claim to Chartis under the terms of the Policy.

16. On or about March 9, 2009, Chartis sent a letter to Blackwater acknowledging notice and requesting additional information about the claim and reserving its rights to deny coverage for the claim.

17. Similarly, on or about May 11, 2009, Chartis sent a follow-up letter to Blackwater, again reserving its rights to deny coverage for the claim. By way of example only, Chartis reserved the right to deny coverage for a number of invoices submitted by Blackwater, claiming that such costs were not Clean-Up Costs arising out of a Pollution Condition, as those terms are defined in the Policy, and because they did not involve the remediation of soil, surfacewater, groundwater or other contamination.

18.     Chartis subsequently sent letters on May 15, 2009, June 22, 2009, September 1, 2009 and December 14, 2009, reiterating that "[t]he recovery and transfer of sulfuric acid product (not released into the environment or structure) is a non-cleanup related task" and that "[a]ll costs related to labor, equipment, and materials to clean the sump are non-cleanup charge[s] (non-soil or groundwater cleanup)." Accordingly, Chartis has refused to reimburse Blackwater for such costs.

19.     The Policy states that Chartis will:

> pay on behalf of the **Insured**, **Loss** that the **Insured** is legally obligated to pay as a result of **Claims** for **Clean-up Costs** resulting from **Pollution Conditions** on or under the **Insured Property** that commenced on or after the **Continuity Date**, provided such **Claims** are first made against the **Insured** and reported to the Company in writing during the **Policy Period**, or during the **Extended Reporting Period** if applicable.

20.     **Clean-up Costs** is defined in part as:

> reasonable and necessary expenses, including legal expenses incurred with the Company's written consent which consent shall not be unreasonably withheld or delayed, for the investigation, removal, remediation including associated monitoring, or disposal of soil, surfacewater, groundwater or other contamination:
>
> 1. To the extent required by **Environmental Laws** . . .

21.     "**Environmental Laws** means any federal, state, provincial or local laws (including, but not limited to, statutes, rules, regulations, ordinances, guidance documents, and governmental, judicial or administrative orders and directives) that are applicable to **Pollution Conditions**."

22.     On March 26, 2010, Chartis sent another letter denying coverage for a significant amount of expenses incurred by Blackwater in connection with its **Clean-Up Costs**.

23.     To date, despite repeated requests, Chartis has not fully reimbursed Blackwater for the entirety of its **Clean-up Costs** incurred in response to the sulfuric acid leak discussed above.

## III.  CAUSES OF ACTION

24.     Each of the foregoing paragraphs is incorporated by reference in the following causes of action.

### A.    DECLARATORY JUDGMENT

25.     An actual controversy exists between Blackwater, on the one hand, and Chartis, on the other, regarding their respective rights and obligations under the Policy, as they relate to the sulfuric acid leak discovered on or about February 9, 2009.

26.     Blackwater seeks a declaration that Chartis is obligated to reimburse Blackwater for its costs incurred in responding to and mitigating the sulfuric acid leak discovered on or about February 9, 2009.

### B.    BREACH OF CONTRACT

27.     The Policy sets forth contractual obligations on the part of Chartis to pay any **Loss** Blackwater is legally obligated to pay as a result of a **Claim for Clean-up Costs** resulting from **Pollution Conditions**.

28.     Chartis has breached its insurance contract by failing to fully reimburse Blackwater's **Clean-up Costs**. In particular, the sulfuric acid leak fell within the coverage afforded by the Policy and no exclusions or limitations in the Policy operate to bar coverage for the costs incurred in responding to and mitigating the leak.

### C.    PROMPT PAYMENT OF CLAIMS

29.     Chartis's failure to fully reimburse Blackwater for the costs incurred and to comply with the statutory time requirements for accepting or denying coverage constitutes a violation of LSA-R.S. 22:1892 and LSA-R.S. 22:1973. In particular, Chartis's failure to pay the

costs incurred by Blackwater is arbitrary, capricious and without probable cause in breach of LSA-R.S. 22:1892 and LSA-R.S. 22:1973. Accordingly, Chartis is liable to Blackwater for attorneys' fees, statutory penalties and costs.

**D.   ATTORNEYS' FEES**

30.   By the foregoing acts and /or omissions, Chartis breached the Policy. Chartis is therefore obligated and liable to pay Blackwater's attorneys' fees, costs and expenses incurred in bringing this action to enforce the terms of the Policy.

## IV.  CONDITIONS PRECEDENT

31.   All conditions precedent to Blackwater's right to recover under the Policy have occurred or have been fully performed.

## V.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Blackwater New Orleans prays that, upon final hearing of this case, this Court enter judgment in Blackwater's favor and against Defendant American International Specialty Insurance Company n/k/a Chartis Specialty Insurance Company, requiring Chartis to provide insurance coverage to Blackwater, and compelling Chartis to pay any and all costs required to be paid under the Policy, reasonable attorneys' fees and costs expended by Blackwater in the prosecution of this Complaint, the costs of this suit and interest. Further, Plaintiff Blackwater New Orleans prays for all general and equitable relief to which it is entitled and this Court is competent to grant.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.


  /s/  *James K. Irvin*_____
Charles A. Snyder (#12240)
James K. Irvin (#7166)
J. Timothy Betbeze (#20698)
909 Poydras Street - Suite 2300
New Orleans, Louisiana 70112-1010
Telephone: (504) 569-7000
Facsimile:  (504) 569-7001
jirvin@millinglaw.com

VISSER SHIDLOFSKY LLP

Lee H. Shidlofsky
Texas State Bar No. 24002937
Federal Bar No. 22026
7200 N. Mopac Expy., Suite 430
Austin, Texas 78731
lee@vsfirm.com
Telephone : (512) 795-0600 –
Toll-Free Facsimile: (866) 232-8709

**ATTORNEYS FOR BLACKWATER NEW ORLEANS, L.L.C.**


**PLEASE SERVE:**
American International Specialty Lines Insurance Company
n/k/a Chartis Specialty Insurance Company
through its agent for service of process:
The Secretary of State of the State of Louisiana
8585 Archives Avenue
Baton Rouge, Louisiana 70809